CINCINNATI TRACTION CO. v. FLORENCE FESLER.

NEWLY DISCOVERED EVIDENCE MUST BE SUCH AS WILL REQUIRE A DIFFERENT VERDICT TO WARRANT A NEW TRIAL.

A new trial will not be granted on the ground of newly discovered evidence, unless the legitimate effect of such evidence would be to require a different verdict, and not merely such as might induce a jury to give a different verdict (R. S. 5309; Gen. Code 11580).

ERROR to Hamilton common pleas court.

The defendant in error recovered a judgment below of $2,955 on account of injuries sustained in alighting from a street car.

Joseph Wilby, for plaintiff in error.

Cogan & Williams, for defendant in error.

SMITH, J.

The two grounds of error relied upon by plaintiff in error for a reversal of the judgment below are:

First. That the verdict and judgment are against the weight of the evidence.

Second. That a new trial should have been granted on account of newly discovered evidence.

The court has examined the record in this case and cannot agree with counsel for plaintiff in error that the verdict and judgment is against the weight of the evidence.

The newly discovered evidence relates to certain statements contained in the affidavits of Elizabeth P. Fridman and Harrison Willauere Lowe relative to the condition, complaints and conduct of the defendant in error from the middle of November, 1908, to February 4, 1909. Said statements, being such as claimed by counsel for plaintiff in error, might tend to disprove the condition of defendant in error as testified to by her at the time of the trial.

We do not think the statements disclosed by the affidavits can be classified as newly discovered evidence. It is the province of the court to determine whether by the introduction of newly discovered evidence a different verdict ought to be obtained. The rule seems to be, that in considering the motion for a new trial upon the ground of newly discovered evidence, the court will not inquire, whether taking the newly

discovered evidence in connection with that exhibited on the trial, a jury might be induced to give a different verdict, but whether the legitimate effect of such evidence would be to require a different verdict. *Ludlow* v. *Park,* 4 Ohio 5.

In considering all of the affidavits in the bill of exceptions in this record, we do not believe that if a new trial was granted and such statements offered as evidence they would require the jury to return a different verdict.

There being no errors in the charge of the court the judgment will be affirmed.

**Giffen** and **Swing, JJ.,** concur.